```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------------------------------X
                                                                 :
STEAK N SHAKE,                                                   :
                                                                 :
                              Plaintiff,                         :
                                                                 :      20-cv-6096 (LJL)
             -v-                                                 :
                                                                 :         ORDER
WILMINGTON TRUST, NATIONAL ASSOCIATION.,                         :
                                                                 :
                              Defendant.                         :
                                                                 :
-----------------------------------------------------------------X
```

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:_____
DATE FILED: 9/23/2020

LEWIS J. LIMAN, United States District Judge:

Defendant moves, by letter motion, for an order compelling Plaintiff (1) to produce documents in response to its requests for production of documents, (2) to confirm that Plaintiff will produce documents in certain agreed upon categories, and (3) to answer Defendant's first set of interrogatories. Dkt. No. 28. The letter motion focuses on the document requests. Plaintiff responds that the request is premature. *See* Dkt. No. 29. Although Plaintiff has made "standard objections to scope and relevance," Plaintiff is "working diligently to collect and provide as much information and documents as it can in response to these requests." Dkt. No. 29. It notes that it has indicated that it will meet and confer on each of the document requests.

The Court's Individual Practices are intended to prevent that form of gamesmanship and delay whereby a responding party makes a blanket "standard" objection to a document request in its entirety but then seeks to delay the day of reckoning and prevent the requesting party from obtaining documents—or even from availing itself of judicial review—by stating that they would "meet and confer" and then stalling. They require the requesting party to "attempt" to meet and confer on discovery disputes and the responding party to make itself available within 48 hours on

pain that, if they do not do so, the requesting party may request relief from the Court (and may also be granted a reply.) Plaintiff protests that it has not engaged in gamesmanship and that it agreed to make itself available within 48 hours of a request. It also argues that discovery pursuant to the document requests is not due under the Court's Amended Case Management Plan which provides that fact discovery does not close until October 16, 2020. *See* Dkt. Nos. 29, 22.

Plaintiff has a mistaken view of the effect of the Case Management Plan. That Plan required all parties to complete discovery by October 16, 2020. That date was based on Plaintiff's request for expedition and on its representation that it was prepared to make document production in two weeks. See Dkt. No. 24 at 37. It should not be understood as a license to forestall completing document discovery until October 16. The parties stipulated to satisfying Defendant's document requests by September 23, 2020. See Dkt. No. 29 at 1; Dkt. No. 28-6. If Plaintiff wants to keep the expedited schedule, it is incumbent on Plaintiff to produce documents now and not wait until October 16.

As to the question of whether Plaintiff made itself available to meet and confer within 48 hours, the Court sees no value in resolving that question now. The parties plainly have disputes as to the scope of document production. Moreover, the Court is unclear whether the disputes are ripe with respect to many of these requests and does not have sufficient information to rule on each of the disputed requests. The Court orders the parties to meet and confer on document requests on Wednesday, September 23, 2020, and to submit a joint letter to the Court on ECF by no later than 5:00 p.m. on Thursday, September 24, 2020 laying out any disputes that remain. For each request that is disputed, the joint letter shall go through each request in number order, laying out the respective positions of each party (Plaintiff first and then Defendant) as to relevance and burden (or other objection) in a discrete short paragraph (no more than six 12 point

roman space lines) for each request. The Court will hear the parties by telephone conference at 6:00 p.m. on September 29, 2020. At that date and time, the parties shall dial the Court's conference line at 888-251-2909 (access code: 2123101). In addition, the parties are to meet and confer between September 23, 2020 and September 29, 2020 to attempt to resolve any remaining disputes.

There is one dispute, however, that is clearly ripe. The Court's resolution of that dispute might provide some helpful guidance to the parties. Request No. 1 asks for the following:

> All Documents concerning Steak n Shake's compliance with Section 6.06 of the Credit Agreement, including the Document reasonably requests by Wilmington in the (1) September 2, 2020 Email; (2) July 27, 2020 Letter; and (3) AlixPartner Document Requests.

After parroting the standard objections, Plaintiff asserts that for purposes of responding to this request, it will interpret the request "as seeking information sufficient to how that SnS's property sales under the Credit Agreement complied with Section 6.06(b)(i)-(iii)." Dkt. No. 28, Ex I at 9.

That responses is plainly insufficient for two related reasons. First, as the Court has held, under the Credit Agreement, that Defendant is not required simply to accept Plaintiff's say-so that it has complied with Section 6.06(b) or the documents that Plaintiff believes will make its case regarding compliance, but is permitted to probe the assertion that Plaintiff has complied with that section of the Credit Agreement and to make reasonable requests for Defendant (not Plaintiff) to reach a determination that Section 6.06 has been satisfied. *See* Dkt. No. 20 at 21. Second, now that Plaintiff has brought this lawsuit, Defendant's rights with respect to document requests are not circumscribed by the four corners of the Credit Agreement (although the language of the Credit Agreement is relevant). It is entitled to "obtain discovery regarding any

3

nonprivileged matters that is relevant to any party's claim or defense," including the claims it has breached the Credit Agreement and that its requests under the Credit Agreement were unreasonable and that it is liable for damages. Fed. R. Civ. P. 26(b). In short, the category of documents relevant to whether Defendant breached the agreement may be broader than what is relevant to whether Plaintiff satisfied Section 6.06(b), and what is not unduly burdensome and proportional under the Federal Rules is at least as expansive—and may be more so—than what is "reasonably request[ed]" under the Credit Agreement.

Under those standards, and without passing on the question whether Defendant has a right to the documents under the Credit Agreement, at a minimum, the following documents are plainly are relevant and proportional to the needs of the case and must be produced: the documents requested by defense counsel on the second page of the letter dated July 27, 2020, at Dkt. No. 15-7, and the documents requested by defense counsel in the first three bullet points of the letter dated September 2, 2020, at Dkt. No. 28-2. The Court reserves judgment on the remainder of the documents requested in Request No. 1, pending further discussion of the relevance of such material.

SO ORDERED.

Dated: September 23, 2020
New York, New York

LEWIS J. LIMAN
United States District Judge